UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON KIRKLAND, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:10-CV-2865 |
| | § | |
| MIKE MARTIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is the Request to Enter Bill of Costs (Doc. 107) by Defendants Mike Martin and Maloney, Martin, & Mitchell, LLP (collectively, "Defendants"). Plaintiff Sharon Kirkland ("Kirkland") responded by filing Objections (Doc. 108); Defendants filed a Response (Doc. 109); and Kirkland filed a Reply (Doc. 110). Having considered the parties' arguments, the record in the case, and the applicable law, the Court concludes that the Request to Enter Bill of Costs should be denied.

**I.  Background**

On September 10, 2012, this Court entered its Opinion and Order (Doc. 104) and Final Judgment (Doc. 105), granting Defendants' Motion for Summary Judgment (Doc. 79), as Kirkland's claims were barred by the relevant statutes of limitations, and awarding Defendants all costs of action. Fifteen days later, Defendants filed their Bill of Costs, requesting a total of $43,117.53.[1] Kirkland objects on various grounds; the threshold objection being that "Defendants should recover no costs because the bill was not timely filed and because Defendants have established no excusable neglect for their failure to do so." Doc. 108 at 2.

---

[1] Defendants later withdrew their request for $31,576.02 in expert witness costs, Doc. 109 at 6, thereby reducing the total amount sought to $11,541.51.

## II.   Discussion

Under Local Rule 54.2, "application[s] for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment." Although Defendants concede that they filed 15 days after entry of final judgment, they argue that Federal Rule of Civil Procedure 6(d) enlarges the filing time to 17 days, and, in the alternative, that their tardiness of only one day constitutes excusable neglect. Neither argument is persuasive.

### A.   *Timeliness*

Federal Rule of Civil Procedure 6(d) provides that "[w]hen a party may or must act within a specified time after *service* … 3 days are added after the period would otherwise expire." (Emphasis added). Rule 6(d)[2] does not, however, "apply to time periods that begin with the filing in court of a judgment or an order." *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 468 (5th Cir. 1998) (internal quotation marks omitted). Because final judgments are entered, not served, and Local Rule 54.2 establishes a deadline for bills of cost based on the date of such entry, the enlargement of time provided by Rule 6(d) does not apply.

### B.   *Excusable Neglect*

Nevertheless, Defendants argue that their tardiness should be excused because they believed, in good faith, that they had three additional days and because the delay was only one day. Doc. 109 at 2. Under Federal Rule of Civil Procedure 6(b)(1)(B), a court "may, for good cause, extend the time [for filing] … after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is determined according to four factors: (i) prejudice to the opposing party; (ii) length of the delay; (iii) reason for the delay; and (iv) whether the delay was made in good faith. *Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472

---

[2] "Rule 6 was amended in December 2007, and what was contained in Rule 6(e) was re-numbered as Rule 6(d)." *Palmyra Park Hosp., Inc. v. Phoebe Putney Mem'l Hosp., Inc.*, 688 F. Supp. 2d 1356, 1360 (M.D. Ga. 2010).

(5th Cir. 2008). But even if the other three factors favor a finding of excusable neglect, when the reason for the delay is "misinterpretation[ ] of the federal rules," such a finding is a "rare case indeed." *Midwest Emp'rs Cas. Co. v. Williams*, 161 F.3d 877, 880 (5th Cir. 1998) (quoting *Halicki*, 151 F.3d at 470) (internal quotation marks omitted).

In this case, when Defendants filed their Bill of Costs, they also requested leave to file. Itemization and Documentation of Taxable Costs 5-6, Doc. 107-1. In support of that request, Defendants argued for the applicability of Rule 6(d) and, in the alternative, for a finding of excusable neglect based on the unexpected difficulty in separating costs. Doc. 107-1 at 5-6. In neither their request for leave to file nor their response to Kirkland's objections, do Defendants cite a single case supporting their conclusion regarding the applicability of Rule 6(d); moreover, even a brief survey of the case law reveals that such support does not exist. *See, e.g.*, *Halicki*, 151 F.3d at 468 (holding that, "[u]nder the plain language of the rules," Rule 6(d) applies to time periods beginning with service of a paper, not entry of a judgment). As the Fifth Circuit has explained:

> [The mistake of misreading rules] weighs heavily against a finding of excusable neglect.
> Although … we left open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed. Where, as here, the rule at issue is unambiguous, a … determination that the neglect was inexcusable is virtually unassailable. Were it otherwise, "almost every … lawyer would plead his own inability to understand the law when he fails to comply with a deadline."

*Midwest Emp'rs*, 161 F.3d at 879 (quoting *Halicki*, 151 F.3d at 470). Finally, if Defendants had any doubt about the timeliness of their filing, Rule 6(b)(1)(A) allowed them to request an extension of time before it expired. They did not, and their failure to do so does not constitute excusable neglect.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Request to Enter Bill of Costs (Doc. 107) is **DENIED**.

SIGNED at Houston, Texas, this 2nd day of August, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE